# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

TODD W. ALTSCHUL,                           *
            Petitioner,

                                            *

    v.                                          CIVIL ACTION NO.  PJM-05-1876

                                            *

U.S. PAROLE COMMISSION,
            Respondent                       *

                          ******

## MEMORANDUM

Petitioner is an inmate confined in Lovelady, Texas.  He has filed a Petition for Writ of Habeas Corpus  pursuant to 28 U.S.C. § 2241. Upon review of the Petition, the Court concludes that transfer of this Petition to the proper federal Court located in Texas is appropriate.[1]

Petitioner alleges that he is entitled to be released and that the U.S. Parole Commission and Bureau of Prisons have improperly computed his release date.[2] (Paper No. 1).   Regarding the scope and nature of the instant proceeding, the undersigned notes that subject matter jurisdiction of  a §2241 habeas corpus petition lies in the federal district court where Petitioner is incarcerated or in the federal district court where Petitioner's custodian is located.  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973).  Petitioner is confined in Lovelady, Texas, and his custodian, or the person who has the day-to-day responsibility for his custody, would be the warden charged with his care.   Therefore,  this

---

[1]Petitioner has not submitted with his petition a request to proceed in forma pauperis.  Matters pertaining to such status shall be reserved and left to the discretion of the United States District Court for the Eastern District of Texas.

[2]Attached to the Petition are two purportedly original documents concerning Petitioner's release date. Notwithstanding that this case is subject to electronic filing, the Clerk shall be directed to forward the original documents received by this Court to the United States District Court for the Eastern District of Texas for that Court's review.

Court finds that jurisdiction of the instant action lies in Texas, not in Maryland. Accordingly, the undersigned

concludes that transfer of instant case to the United States District Court for the Eastern District of Texas

is appropriate.

     A separate Order follows.


    7/25/05                                     /s/
Date                                       PETER J. MESSITTE
                                            UNITED STATES DISTRICT JUDGE